IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Christopher Maynard                      Case No.

v.

Mercantile Adjustment Bureau, LLC        JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

2. This Court has jurisdiction. 15 U.S.C. § 1692k, 28 U.S.C. § 1331.

3. Plaintiff is a natural person who resides in Erie County, Western District of Pennsylvania.

4. Plaintiff is a consumer within the FDCPA.

5. Plaintiff allegedly incurred a debt within the FDCPA.

6. Defendant holds itself out to the public as a collection agency.

7. Defendant is a debt collector within the FDCPA.

8. Defendant's collection efforts took place within the past year.

9. The plaintiff financed a Jeep with M&T bank.

10. The jeep was repossessed.

11. It is believed that the jeep was sold at an auction.

12. The Defendant was hired to collect the deficiency.

13. A gentleman identifying himself as Mike Garity called the Plaintiff at work in mid February 2008.

14. The Defendant employs Garity.

15. Garity told the plaintiff

   (a) M&T received $300.00 from the sale;

   (b) he owed M&T the difference between $300.00 and what was owed on the jeep;

   (c) he needed to come up with $1,500 in order to keep the file with the defendant

   (d) if he couldn't come up with the money soon, his file would be sent back to M&T who would then sue him for the amount owed and court costs, which would add up to almost $8,000

16. Garity's threat of suit was false and created a false sense of urgency.

17. Garity kept on pressuring the plantiff to raise the money or he was going to get sued.

18. The plaintiff told Garity not to call him at work.

19. Garity thereafter called the plaintiff at work on or about February 27, 2008.

20. Garity asked the plaintiff for the fax number to the human resources department.

21. The plaintiff said he didn't have it.

22. Garity said he was going to fax over the paperwork to have plaintiff's wages garnished.

23. Garity said he would call back later in order to get a hold of someone with the fax number to the human resources department.

24. The plaintiff in subsequent phone calls tried to negotiate a payment plan that he could afford.

25. In one of the phone calls, the debt collector, employed by the defendant, said he believed the plaintiff had money and if he could pay $500.00, he had $1,000.00.

26. The debt collector called the plaintiff a thief.

27. The plaintiff asked the debt collector if the threat to garnish his wages was legal.

28. The debt collector said it didn't matter. They had the plaintiff on tape agreeing to pay $1,500.00. If they hire a lawyer, they would play the tape in court and the plaintiff would make his lawyer look like a fool and the Judge would make the plaintiff pay.

29. The Defendant threatened to put a lien on the Plaintiff's house or hold a Sheriff's sale.

30. The Defendant threatened to go after the plaintiff's wife's mini-van because the plaintiff's name was on it.

31. The plaintiff entered into a deal with the defendant where he would pay $500.00 in two months and $100.00 thereafter until the debt was paid off.

32. The plaintiff was then called by another one of defendant's employees who said the man plaintiff spoke with had no authority to enter into the deal and the agreement was void since the plaintiff never received any paperwork to sign.

33. In another phone call to the plaintiff, Garity said

    (a) the plaintiff's wife was using him for his money;

    (b) she would graduate from college and leave him;

(c) the plaintiff should make sure that he had "balls" between his legs and make the call to pay the debt;

(d) they had numbers for his friends, family and neighbors and they would call and tell them about the debt.

34. Jason Mills on or about March 12, 2008 called the plaintiff.

35. The Defendant employs Mills.

36. Mills falsely told the plaintiff that he would get sued if he didn't send in $1,000.00.

FIRST COUNT

37. In the collection efforts, defendant violated the FDCPA, *inter alia*, §1692c(a)(1), 1692d, 1692e, 1692e(4), 1692e(5), 1692e(7), 1692e(10) and 1692f.

38. As a result of defendant's illegal collection activities, plaintiff suffered actual damages in the form of emotional distress, as well as unjustified and abusive invasions of personal privacy.

WHEREFORE, plaintiff respectfully requests this Court to:

A. Award plaintiff such damages as are permitted by law, including statutory and actual damages; and

B. Award the plaintiff costs of suit and a reasonable attorney's fee.

JEFFREY L. SUHER, P.C.

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm. Penn Hwy., Ste. 2J

Monroeville, PA 15146
(412) 374-9005
lawfirm@jeffcanhelp

Attorney for Plaintiff